### ZUGAJ, Admr v CHIEF REDPATH

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided May 22, 1933

Jas. Easly, Cleveland, and Chas. Easly, Cleveland, for plaintiff in error.

Martin A. McCormack, Cleveland, for defendant in error.

LEVINE, J.

It may be taken from the record as an admitted fact that Anna Zugaj died from peritonitis resulting from a ruptured ulcer. The question presented in this case is whether the herbs and powders which the defendant administered to Anna Zugaj in any way contributed to the rupture of the gastric ulcer which caused her death.

There can be no dispute but that the defendant in undertaking to administer a cure to Anna Zugaj was, under the law of Ohio, guilty of practicing medicine without a license. Did this unlawful act of the defendant proximately cause or contribute to the cause of the death of Anna Zugaj? The trial court apparently took the view that the evidence does not tend to establish that these herbs and drugs which the defendant sold to Anna Zugaj caused a rupture of the gastric ulcer which in turn, caused her death. We will concede for the sake of argument, that it is not beyond the range of possibility that the rupture of the gastric ulcer would have taken place even though Anna Zugaj had not taken these herbs and powders prescribed for her by the defendant. We are, however, concerned with but one question, namely, is there any evidence such as to constitute a scintilla under the law of Ohio, tending to show that the unlawful act of the defendant in administering these herbs and powders to the deceased, Anna Zugaj,

either caused or proximately contributed to the cause of her death?

The jury does not deal with certainty. It deals with probability only, and if there be evidence in this case from which the jury could infer that in all probability there was a causal connection between the unlawful act of the defendant and the death of Anna Zugaj, the question must be submitted to the jury for its determination and the court would not in such event be justified in withdrawing the case from the jury and in directing a verdict. A verdict should not be directed if under all the facts and circumstances there is room for sensible men to differ in their conclusions and whenever facts that would sustain the contentions of a party are put in evidence together with other facts from which an inference unfavorable thereto may be drawn, the question should be left for the determination of the jury. It is not sufficient that a court would be obliged to set aside a contrary verdict as against the weight of the evidence and if there is any issue of fact in the case with evidence tending to support it, no matter how slight, a verdict cannot be directed.

In order that the case be submitted to the jury, it is not necessary that the plaintiff introduce evidence which would eliminate every other possible cause of injury or death. It is sufficient for this purpose if the evidence introduced is such that the reasonable and natural sequences of events give rise to a reasonable inference as to the cause. In many cases the result is so immediate that the evidence does not admit of any other conclusion than that the wrongful act complained of caused the injury or death.

The majority of this court are of the opinion that the reasonable and natural sequence of events related in the evidence presented a complete chain beginning with her first visit to defendant's office and ending with her death. The medical evidence offered seems to us to present more than a scintilla upon the question of causation. Anna Zugaj came to the defendant's office for treatment during the latter part of April, 1930. At that time she complained of pain in her knees. The defendant undertook to cure her, prescribed for and sold her certain herbs and powders and directed her how to use the same. She again visited him on the 23rd or 24th of May of the same year, complaining that she was not feeling any better. He again undertook to cure her and assured her that he was better than any doctor and again he sold her

more herbs and more powders, and instructed her how to use the same. After the second visit she took the herbs and powders which defendant prescribed for her for three days. Constant violent vomiting followed. She vomited day and night at intervals of from fifteen to thirty minutes until June 3rd when she died. Her attending physician testified as to the cause of death that she died from peritonitis resulting from ruptured ulcer. A competent chemist testified as to the composition of these herbs and powders which the defendant administered to her. Dr. Blagden gave testimony as to her condition when he visited her and he also stated in positive terms that the component elements of these herbs and powders were such as to cause a disruption of the stomach; that taking these drugs such as were administered to her, would aggravate the condition of the gastric ulcer by producing constant irritation and by bringing about constant paristaltic action of the stomach; that constant paristaltic action would cause the rupture of the ulcer, and that peritonitis would follow the rupture of the ulcer.

Upon this statement of fact the jury would have been justified in concluding that the unlawful act of defendant either caused or at least materially contributed to the cause of the death of Anna Zugaj.

In the case of Bishop v St. Paul City Railway Co., 48 Minn. 26, the plaintiff, while a passenger on a street car, by reason of the negligent handling of the car, was caused to be thrown loose from the strap which he was holding and against the floor of the car. He was rendered unconscious for a few minutes but aside from several scratches and a small contusion over his ear, did not appear to be otherwise injured. These marks disappeared in a few days and he went about his business. Eight months later paralysis intervened. In a suit against the railway company to recover damages for his totally impaired health and vision, the only question before the court was one of causal connection. Did the paralysis result from the fall? The court held that the issue was simple in its nature as it rested solely upon scientifiec inquiry into the facts. It was decided as any other fact issue.

There is no doubt that in the last cited case that because of the lapse of eight months between the date of the fall and the date when paralysis set in, many other causes might have intervened and independent of the fall to have caused the condition of the plaintiff. The question, how- .

ever, was left to the jury for its determination as a question of fact.

In the case at bar, while it is possible that the rupture of the gastric ulcer and from which Anna Zugaj died, might have taken place even in the absence of the unlawful act of defendant, yet the sequence of events related in the evidence, plus the positive testimony of the doctors as to what effect, in all probability, the injection of these herbs and powders into the system of a person suffering from gastric ulcer would have upon such person, constitutes in our opinion more than the necessary scintilla of evidence on the question of proximate cause.

We hold that the Common Pleas Court committed error in directing a verdict as it did. Judgment reversed and cause remanded for further proceedings according to law.

McGILL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.